*W. G. Woodward*, for appellee.

———•◦•———

## PARTRIDGE v. CORKERY.

The revenue laws of the state authorize the sale of land for taxes, and the subsequent proceeding to foreclose the equity of redemption is not unconstitutional. In general the provisions of the Code may be enforced.

The supreme court will only try and determine such matters as appear of record.

*Appeal from Jackson District Court.*

*Opinion by* HALL, J. The plaintiff in this case, filed his petition in the district court of Jackson county, against the defendant claiming the forclosure of a tax deed executed

by the treasurer of said county, for the south half of south west quarter of section twenty-one, and east half north west quarter of section twenty-eight, township 86, north range one east. The petition, shows a sale and deed by the treasurer of said county, to plaintiff, under chapte thirty-seven of the Code, and prays a foreclosure as therein provided.

To this petition the defendant demurred, on the ground that the law under which the land was sold, was unconstitutional and void. That it impairs the right of trial by jury. The court below sustained the demurrer, and dismissed the petition. The appellants assign for error, the sustaining of the demurrer by the court below.

In the argument of the case, it was not insisted that the revenue law was as a whole unconstitutional. The main objection was to § § 505, 506, of the Code, and the absence of any direct provision for a trial by jury. § § 505, 506, of the Code, provide that land may be redeemed after suit is commenced by paying in addition to the amount requred before suit brought, the sum of ten dollars and costs of suit, and the owner of the land is prohibited from defending the suit until he has paid or tendered said amount, or shows that no tax was levied on the land, or that he had paid the taxes.

The record in this case, shows that the defendant was admitted to defend the suit, but is entirely silent as to any tender or payments of the amount required by these sections of the Code ; nor have the pleadings progressed to a stage where a jury could be demanded or used by the party. As the record stands, the court below decided that a petition to foreclose upon a tax deed, under chapter 27 of the Code, could not be maintained. The decision strikes at the entire law, and assumes that the purchaser or land for taxes under the Code has no remedy whatever against either the owner of the land or the land itself.

The question was not presented to the court, whether the defendant would or would not be admitted to defend before

Partridge *v.* Corkery.

he had paid or tendered the ten dollars, and costs, as required by the Code, or whether the defendant was or was not entitled to have the cause tried by a jury.    There is no record to sustain the arguments and positions presented by the defendant in this court; and we have no power to decide any other questions than those presented by the records.

The cause is remanded to the district court of Jackson county, for trial *de novo.*

                                    Judgment reversed.


*F. Bangs* and *J. B. Booth,* for appellant.

*Smith, McKinlay* and *Poor,* for appellee.